NOT FOR PUBLICATION 
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1491

 JORGE E. CANCEL-LUGO, et al.,

 Plaintiffs, Appellants,

 v.

 CARLOS ALVARADO, et al.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen C. Cerezo, U.S. District Judge] 

 

 Before

 Boudin, Circuit Judge, 

 Aldrich, Senior Circuit Judge, 

 and Lynch, Circuit Judge. 

 

Victor P. Miranda Corrada on brief for appellant. 
Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini, Deputy 
Solicitor General, and Edgardo Rodriguez-Quilichini, Assistant 
Solicitor General, Department of Justice, on brief for appellee. 

 

 May 8, 1997
 

 Per Curiam. Jorge Cancel-Lugo appeals the district 

court's rejection, following a bench trial, of his claims

against Carlos Alvarado as Executive Director of Cancel-

Lugo's employer, the Puerto Rican Electric Power Authority

(PREPA). Cancel-Lugo argues that he was transferred within

PREPA because of his political party affiliation in violation

of 42 U.S.C. 1983, the Puerto Rican Constitution, 29

L.P.R.A. 136 and 146, and 3 L.P.R.A. 1334; and that his

due process rights were transgressed because he was

transferred without a hearing. After reviewing the parties'

briefs and the record, we affirm for substantially the

reasons given by the district court after addressing one

point not covered in the opinion below. 

 On appeal, Cancel-Lugo contends that the district

court's finding that Alvarado had no discriminatory intent

and did not cause Cancel-Lugo's transfer is not enough to

support the dismissal of his claims under 29 L.P.R.A. 136

and 146, which prohibit discrimination in employment on the

basis of political affiliation. Cancel-Lugo argues that

Alvarado could be held vicariously liable for the acts of his

subordinates under 31 L.P.R.A. 5142. However, our cases,

reading the Puerto Rican statutes in light of the Eleventh

Amendment, refuse to impose vicarious liability on

supervisory government officials under 29 L.P.R.A. 136 and

146. Jusino v. Zayas, 875 F.2d 986, 993 (1st Cir. 1989); 

 -2- -2-

Marin-Piazza v. Aponte-Roque, 873 F.2d 432, 436-37 (1st Cir. 

1989).

 Affirmed.  

 -3- -3-